# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| MICHAEL TERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CV608-026 |
| | ) | |
| JAMES F. DONALD, *Commissioner*, | ) | |
| *Georgia Department of Corrections*, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Michael Terry, a detainee at Georgia State Prison ("GSP") in Reidsville, Georgia, filed this 42 U.S.C. § 1983 action on April 14, 2008. (Doc. 1.) Terry also moved the Court to proceed *in forma pauperis*. For the reasons that follow, Terry's motion to proceed *in forma pauperis* is **GRANTED**, but his case should be **DISMISSED**.

Terry contends that the Commissioner of the Georgia Department of Corrections, James F. Donald, has decided to install double-bunks in each cell at GSP in violation of a prior court order. (Doc. 1 at 5-8.) He seeks a temporary restraining order against the installation of double-bunks, along with court costs for having to file this case. (Id. at 8.) Additionally, he asks

the Court for an order preventing his transfer to another prison, and he requests a federal investigation into his allegations. (Id.)

Terry's complaint, however, affirmatively indicates that he did not present his claim to the prison grievance committee at GSP. (Doc. 1 at 3.) A prisoner *must* exhaust all available administrative remedies before he can bring a suit with respect to prison conditions. 28 U.S.C. § 1997e(a). This Court, therefore, has no power to reach the merits of Terry's contentions.

The Court acknowledges that in Jones v. Bock, 127 S. Ct. 910 (2007), the Supreme Court held that prisoners are not required to plead and prove exhaustion to survive early screening under § 1997e. Nothing in Jones, however, forbids the Court from dismissing a complaint pursuant to § 1997e(a) if it is clear from the face of the complaint that the prisoner has not exhausted all administrative remedies available to him. Okpala v. Drew, No. 06-16257, 2007 WL 2407040, at *1 (11th Cir. Aug. 24, 2007) ("[W]here . . . an affirmative defense appears on the face of a prisoner's complaint . . . the PLRA continues to require a district court to dismiss the complaint."); Sanks v. Willams, No. CV407-070, 2007 WL 3254368, at *2 (S.D. Ga. Nov. 2, 2007) (holding that while a prisoner is not required to

demonstrate exhaustion in his complaint, nothing precludes the *sua sponte* dismissal of the complaint where it is clear on its face that the prisoner has not exhausted his administrative remedies); Soler v. Bureau of Prisons, No. CV303-488, 2007 WL 496472, at *2 (N.D. Fla. Feb. 12, 2007) (same); Colston v. Cramer, No. 06-14842, 2007 WL 1655413, at *2 (E.D. Mich. Jun. 07, 2007) (same); Ghosh v. McClure, No. H-05-4122, 2007 WL 400648, at *5-6 (S.D. Tex. Jan. 31, 2007) (same); see also Carbe v. Lappin, 492 F.3d 325, 328 (5th Cir. 2007) (dicta).

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones, 127 S. Ct. at 918. Terry has affirmatively indicated in his complaint that he has yet to exhaust available prison grievance procedures. Accordingly, his complaint is premature and should be **DISMISSED**.

In addition to Terry's failure to exhaust, he lied on his § 1983 civil complaint form. Question 1(B) on the complaint form requires plaintiffs to disclose whether they have brought any other federal lawsuits while incarcerated, and question 1(C) asks whether any federal *in forma pauperis* lawsuit was dismissed as frivolous, malicious, or for failure to state a claim.

(Doc. 1 at 2-3.) Under penalty of perjury, plaintiff checked "no" in response to both questions. (Id.) Plaintiff did not disclose that he had proceeded *in forma pauperis* in two federal cases, and both were dismissed for failure to state a claim. Terry v. Smith, No. CV604-010 (S.D. Ga. Mar. 9, 2004); Terry v. Georgia, No. CV107-1304 (N.D. Ga. June 25, 2007).

Rule 11(b) of the Federal Rules of Civil Procedure "forbids lying in pleadings, motions, and other papers filed with the court." Zocaras v. Castro, 465 F.3d 479, 484 (11th Cir. 2006). "Rule 11(c) provides for sanctions concerning misrepresentations made in papers filed with the court under Rule 11(b)." Id. at 490; Fed. R. Civ. P. 11(c); see also 5A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure, § 1335 (3d ed. 2004) (noting that courts have deemed sanctions appropriate to punish various forms of party misconduct). In addition, Rule 41(b) "expressly authorizes the involuntary dismissal of a claim for plaintiff's failure to abide by . . . the Federal Rules of Civil Procedure." Zocaras, 465 F.3d at 490; State Exch. Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982).

Aside from the Federal Rules, "the power of a court to dismiss a claim

is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." Zocaras, 465 F.3d at 490; Link v. Wabash R.R. Co., 370 U.S. 626, 630-631 (1962); Hartline, 693 F.2d at 1352. The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (noting that the district court did not abuse its discretion by dismissing an action without prejudice where plaintiff "had lied under penalty of perjury about the existence of a prior lawsuit"), abrogated on other grounds by Jones v. Bock, 127 S. Ct. 910 (2007). Accordingly, the Court is of the opinion that dismissal is appropriate in this case.

For all of the reasons given above, Terry's complaint should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this  1st  day of May, 2008.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**